NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—JULY, 1876.

MATTER OF HOWELL.

*In the matter of the Estate of* JOHN S. HOWELL, *deceased.*

Leave to issue execution should not be granted by the Surrogate on a petition which is not verified.

A verification by attorney, which does not allege any reason why it is not made by the party, nor indicate the affiant's means of information, nor the grounds of his belief, nor how much is stated on information and belief,—is not sufficient.

THIS was a petition for leave to issue execution on a judgment obtained against the executors, on the merits.

The petition set forth that the executors had filed their account, and that by such account there were sufficient assets applicable to the payment of the judgment.

A preliminary objection was made on behalf of the executors, that the petition was neither signed nor verified by the petitioner.

M. E. FARNSWORTH, *for the executor.*

M. DALEY, *for legatee.*

THE SURROGATE.—The objection made presents an important question of practice, and deserves, it seems to me, careful consideration.

An examination of the precedents laid down by the several treatises upon the subject of practice in Surrogates' Courts, shows that petitions are uniformly made and verified by the petitioners.

It was not entirely clear whether sections 156 and 157 of the Code, which are confined to the verification of pleadings, are applicable to this court. By section 8 of the Code it is provided that the first four titles of the second part of the Code relate to actions in all courts of the state, which doubtless embraces the Surrogate's Court, but the term "*proceedings,*" rather than *actions,* seems the appropriate designation of the jurisdiction of this court. It is quite clear however, that if section 157 does apply to the verification of a petition in this court, the verification of the petition in question does not conform to the requirements of that section, by setting forth in the affidavit the knowledge of the attorney, or the grounds of his belief on the subject, or the reasons why the verification is not made by the party.

Again, if the sections referred to are not applicable to this court, then resort should be had to the practice prevailing in respect to such proceedings in a court of equity, anterior to the Code.

Barbour, in his Chancery Practice, vol. 1, page 44, states the rule to be that the bill must be verified by the complainant, or in case of his absence from the state, or for other sufficient cause shown, by the oath of his agent, attorney, or solicitor.

This ancient practice has not been followed in this case and I am not willing to relax the rule, which seem to be based upon good and sufficient reasons. In the verification to the petition in this matter, there is no suggestion of the absence, or inability of the petitioner to verify, nor is there any averment as to the means of the affiant's information, nor does it appear how much, or how little is stated on information and belief, nor is there any statement as to his sources of information, or the grounds of his belief. I must therefore dismiss the petition without prejudice to a future motion on proper papers.

Order accordingly.